IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Perry Preston Brooks, )
    Petitioner, )
 )
v. ) 1:10cv670 (TSE/JFA)
 )
Kenneth Cucceienelli, )
    Respondent. )

MEMORANDUM OPINION

Perry Preston Brooks, a Virginia inmate proceeding pro se, has filed this proceeding to challenge the constitutionality of his conviction of abduction entered on a plea of guilty in the Circuit Court for Henrico County, Virginia. Although the initial pleading in this case is denominated as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), in legal effect it patently is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and must be dismissed.

I. Background

Brooks states on the face of his petition that he pleaded guilty to abduction in Henrico County Circuit Court case number CR04-5613-00F on March 5, 2005. On July 20, 2005, Brooks was sentenced to serve five years in prison, with four years suspended. Brooks took no direct appeal, but on August 28, 2008, he filed a Motion to Expunge Sex Offender Registration/Petition for Writ of Error Coram Nobis in the Henrico County Circuit Court. The application was denied on September 12, 2008, and Brooks took no appeal of that result. On January 21, 2009, Brooks filed a second Petition for Writ of Error Coram Nobis, alleging unexplained claims of court error and denial of due

1

process of law. The petition was denied on February 5, 2009, and although Brooks states that he appealed that decision, he provides no details concerning the appellate proceeding.

In this federal proceeding, Brooks contends that: (1) his Fifth Amendment right to a fair and impartial trial was violated because his plea agreement did not specify that he would be required to register as a sex offender, and he was unaware of that requirement; (2) his Sixth Amendment right to a fair trial was violated because his plea agreement did not stipulate that he would be required to register as a sex offender, and he was not informed of that requirement by the trial court, the Commonwealth's Attorney, or his own counsel; and (3) his rights under the Eighth Amendment were violated because the requirement that he register as a sex offender constitutes cruel and unusual punishment where he committed no sex offense, and he was not made aware at the time he entered his plea that he would be subject to such a condition.

## II. Analysis

Where a complaint raises claims that attack the fact or duration of confinement, it sounds in habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Bruce v. Commonwealth of Virginia, 850 F.2d 688, 1988 WL 67852 (E. D. Va. 1988). Title 28 U.S.C. § 2254 provides the statutory basis for a state prisoner to apply to federal court for relief from a violation of his constitutional rights in the course of his state court proceedings. A number of jurisdictional and procedural constraints apply to a state prisoner's ability to bring an action pursuant to § 2254. For instance, a petitioner must be "in custody" pursuant to the conviction or sentence he attacks for a habeas corpus action to lie. Maleng v. Cook, 490 U.S. 488 (1989). A petition for a writ of habeas corpus must be filed in most instances no later than one year after the state judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A)-(D). Before bringing a federal habeas petition, a state prisoner must first exhaust his

claims in the appropriate state court "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Unless the prisoner presents his claims to the state tribunals in a procedurally appropriate manner, they typically are foreclosed from federal review. Harris v. Reed, 489 U.S. 255, 262-63 (1989). And once a prisoner has prosecuted a federal habeas corpus action, he may bring a second or successive petition only under extremely unusual circumstances. 28 U.S.C. § 2244(b)(1)-(3).

Rule 60(b) allows a party in a federal action to seek relief from a final judgment and to request reopening of his case under a limited set of circumstances, including fraud, mistake, and newly-discovered evidence. Subsection 60(b)(6), which is specifically relied upon by the petitioner here, permits reopening for "any ... reason justifying relief from the operation of the judgment" other than those set out with specificity in Rules 60(b)(1) - (5). Like the rest of the Federal Rules of Civil Procedure, Rule 60(b) applies in habeas corpus proceedings only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. See 28 U.S.C. § 2254 Rule 11.

The tactic of attempting to employ Rule 60(b) to circumvent the requirements pertaining to a cognizable habeas corpus claim is not original. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court considered the extent to which Rule 60(b) applied to § 2254 habeas proceedings in the context of a petition that had been dismissed by the district court as time-barred. As a threshold matter in that case, the Court determined that where a Rule 60(b) motion contains one or more claims for relief, it is in substance a habeas petition "and should be treated accordingly." Id. at 531. The Court found that "[a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with'" § 2254. Id. Noting that the determination of

whether a putative Rule 60(b) motion advances one or more claims generally "will be relatively simple," the Court observed that "[a] motion that seeks to add a new ground for relief ... will of course qualify" as a habeas corpus application. Id. at 532.

Here, it is readily apparent that Brooks advances substantive claims in his Rule 60(b) motion by which he seeks to invalidate his state conviction. He asserts in essence that his guilty plea was involuntary, such that his conviction of abduction cannot stand, and he also appears to contend that ineffective assistance by his counsel rendered his plea of guilty involuntary. Clearly, then, this filing in substance is a § 2254 habeas corpus petition "and should be treated accordingly." Gonzalez, 545 U.S. at 531. The motion contains no overt allegations which would permit this Court to ascertain whether the requirements for a proper § 2254 application are satisfied as to these claims. However, it appears from the face of the petition that the one-year limitations period applicable to Brooks' 2005 conviction has long since expired, and there is no indication that his claims have been litigated and exhausted in a procedurally appropriate manner the state forum. It is also entirely unclear whether Brooks was still confined pursuant to the 2005 judgment and resultant sentence which required him to serve one year in prison when he filed the instant application for relief in 2010. Under these circumstances, the Court cannot construe the instant motion as a petition for relief pursuant to § 2254.

Nor can the Court adjudicate the instant filing as the Rule 60(b) motion it purports to be. It is well established that "Rule 60(b) may only be used to challenge a federal judgment. It may not be used to challenge a federal or state criminal conviction." Greer v. County of Patrick, 2006 WL1401607 (W. D. Va.), aff'd, 217 Fed. Appx. 233 (4th Cir.), cert. denied, 128 S.Ct. 398 (2007), citing United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999)(holding that Rule 60(b) does not

provide for relief from a criminal judgment).

### III. Conclusion

For the foregoing reasons, this proceeding must be dismissed, as there presently is no basis in law upon which the relief the petitioner seeks may be awarded to him. An appropriate Order shall issue.

Entered this 24th day of January 2011.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge